■ RICHARD KELLY et al., Plaintiffs, v H.W. REALTY CORP., Defendant and Third-Party Plaintiff, and AMH DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Appellant. HART-

CORN PLUMBING & HEATING, Third-Party Defendant; TREVISAN PAVERS, INC., Third-Party Defendant-Respondent. [694 NYS2d 768] —In an action to recover damages for personal injuries, etc., the defendant second and fourth third-party plaintiff AMH Development Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated July 6, 1998, as granted the motion of the third and fourth third-party defendant, Trevisan Pavers, Inc., for summary judgment dismissing the fourth third-party complaint and all cross claims insofar as asserted against it, and denied its cross motion for summary judgment on the fourth third-party complaint against Trevisan Pavers, Inc., on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent.

The plaintiff Richard Kelly, while working for a plumbing subcontractor at a job site, allegedly was injured when he tripped on a mason line and fell. He and his wife (asserting derivative claims) thereafter commenced this action against the defendant H.W. Realty Corp. (hereinafter HW), the owner of the site, and AMH Development Corp. (hereinafter AMH), the general contractor, to recover damages pursuant to, *inter alia*, Labor Law §§ 200, 240, and 241. HW and AMH thereafter each commenced a third-party action against the third and fourth third-party defendant, Trevisan Pavers, Inc. (hereinafter Trevisan). Trevisan, one of approximately 10 subcontractors on the job, had installed a paver walkway in the area of the accident. HW and AMH alleged that Trevisan was the source of the mason line and had, therefore, created the allegedly dangerous condition at issue. After issue was joined and various discovery completed, Trevisan moved for summary judgment dismissing the third and fourth third-party complaints and all cross claims insofar as asserted against it. AMH, *inter alia*, cross-moved for summary judgment against Trevisan on the issue of liability. In the order appealed from, the Supreme Court granted Trevisan's motion and denied AMH's cross motion.

In support of its motion for summary judgment, Trevisan demonstrated its prima facie entitlement to judgment as a matter of law. Trevisan proffered evidentiary proof in admissible form that it was not the source of the subject mason line. Accordingly, as AMH failed to raise a triable issue of fact in opposition thereto, Trevisan was entitled to summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of*

*New York,* 49 NY2d 557). Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.